

Benjamin D. Bianco
*Partner*
Direct (646) 539-3791
Fax (646) 519-7232
bdb@msf-law.com

April 19, 2023

**VIA ELECTRONIC CASE FILING (ECF)**

Hon. Lorna G. Schofield, United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   ***Thieriot v. Laggner***
      **No.: 23-cv-1875-LGS**

Dear Judge Schofield:

Counsel for Plaintiff Thieriot and counsel for Defendant Laggner respectfully submit this joint letter (and attached Case Management Plan) to the Court as directed in the Court's March 8, 2023 Order (Dkt No. 8):

Statement of the Case

1. *Plaintiff's Position*

Plaintiff seeks to enforce his rights under the parties' agreement, which entitles Plaintiff to one-half of the proceeds from the sale (by Defendant) of certain identified shares in non-party Uphold HQ Inc. ("Uphold"). Specifically, Plaintiff is entitled to receive one-half of the first $750,000 of proceeds of any sales of such shares, which were previously transferred to Laggner under a settlement agreement with third-parties. Plaintiff was assigned the rights to the proceeds under a separate agreement which included Defendant.

Upon information and belief, Defendant has recently sold $280,000 worth of applicable shares, without giving Plaintiff the required notice of Defendant's agreement to sell such shares and then failing to transfer to Plaintiff one-half of the sale proceeds, thereby breaching the relevant agreements.

2. *Defendant's Position*

Plaintiff's claims for breach of contract and conversion lack merit for numerous reasons, including *inter alia*, that: (1) No sale of the shares at issue has been consummated, thus Plaintiff's claims do not present a justiciable controversy and are not ripe for adjudication; (2) Plaintiff is a nonparty to

the contract at issue (the "Settlement Agreement") and lacks standing to enforce the terms of the Settlement Agreement, which expressly prohibits assignment or transfer of any rights; (3) Plaintiff fails to allege an actual breach, because Plaintiff does not assert that a sale of the shares at issue has even been consummated, as required under Section 2(e)(i) of the Settlement Agreement; (4) Plaintiff's allegations fail to demonstrate that the alleged sale involved shares transferred by Minor to Laggner ("Laggner Shares"), rather than shares separately held, or later obtained by Defendant, and Section 2(i) of the Settlement Agreement only governs an alleged sale of Laggner Shares; and (5) Plaintiff's conversion claim is barred by the economic loss doctrine.

For the foregoing reasons, as well as many others, Plaintiff's case lacks merit.

<u>Subject-Matter Jurisdiction</u>

1. *Plaintiff's Position*

Plaintiff filed this action in New York State court but does not dispute that this Court has subject-matter jurisdiction over this matter, as set forth by Defendant in this section.

2. *Defendant's Position*

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as described in the Amended Notice of Removal (ECF No. 9), because this action is between citizens of different states and the amount in controversy exceeds a sum of $75,000.00.

<u>Diversity Jurisdiction</u>

1. *Plaintiff's Position*

Plaintiff filed this action in New York State court but does not dispute that this Court has subject-matter jurisdiction over this matter, based upon diversity of citizenship.

Plaintiff is a citizen of the State of Florida and has not resided in California since before the COVID-19 pandemic. Indeed, the Complaint filed in New York State court was a "Verified Complaint," thus Plaintiff has already sworn to his citizenship as of the filing of the Verified Complaint.

2. *Defendant's Position*

Defendant Laggner is a citizen of Texas. At the time of the commencement of this action, Defendant Laggner was (and still is) domiciled in the state of Texas.

Plaintiff Thieriot claims that he is a citizen of Florida and was at the time of the commencement of this action. *See* ECF No. 9; ECF No. 1-1, Compl., ¶ 2 ("Plaintiff is a natural person residing in

the state of Florida.").[1] Plaintiff Thieriot also maintains a residence in the state of California. If issues remain regarding the situs of Plaintiff Thieriot's citizenship, counsel for Plaintiff should clarify whether this representation in the Complaint is accurate.

Motions/Applications

1. *Plaintiff's Position*

None.

2. *Defendant's Position*

Defendant intends to file a motion for judgment on the pleadings.

Discovery

1. *Plaintiff's Position*

No discovery has taken place.  Discovery in this action will likely be limited to the validity of the assignment to Plaintiff and the sales of the shares at issue.

2. *Defendant's Position*

No discovery has taken place. At this early stage, it is difficult to anticipate all discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. Nevertheless, discovery in this action will consist of, *inter* alia, evidence that no sale of the shares at issue has been consummated and that Plaintiff lacks standing.

Damages

1. *Plaintiff's Position*

Plaintiff claims damages in the amount of $140,000 for the money owed under the parties' agreement, along with interest, costs, and attorneys' fees.

2. *Defendant's Position*

As set forth in Defendant's Statement of the Case, *supra*, Plaintiff is not entitled to any award of damages and recover nothing from this action. At the appropriate time, Defendant will move for costs and attorneys' fees for the defense of this action.

---

[1] For avoidance of doubt, Defendant Laggner has not "admitted" or "recognized" that Plaintiff is a citizen of Florida – Defendant Laggner has relied on Plaintiff Thieriot's sworn representation.

*Hon. Lorna G. Schofield*
*Page 4*
*April 19, 2023*

Settlement

The parties have conferred and there is no prospect of settlement at this time.

Other Information

1. *For Defendant*

To the extent that the context will be of benefit to the Court, Defendant Laggner notes that this action was filed by Plaintiff Thieriot after Defendant Laggner initiated a petition for discovery in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782 in the Northern District of California. *See Laggner v. Parsa*, 3:22-MC-80328-WHO, (N.D. Cal.). Plaintiff Thieriot continues to evade service of the section 1782 subpoenas issued by the U.S. District Court for the Northern District of California and has not authorized counsel in the instant action to accept service of the subpoenas. Defendant Laggner suspects that the instant lawsuit may be retaliatory and strategically deployed, as opposed to a bona fide effort to assert rights.

2. *For Plaintiff*

As Defendant well-knows, by no later than July 2022, Plaintiff began communicating with Defendant concerning the subject matter of this lawsuit, *i.e.*, that Defendant owed Plaintiff money from Defendant's sale of Uphold shares.  The 28 U.S.C. § 1782 action Defendant refers to below was filed in December 2022.  Thus, Defendant's suggestion that this action was filed in retaliation to the Section 1782 action is utter nonsense.

In addition, Defendant filed his Section 1782 action in California, and has continued to pursue service in California, despite knowing—and recognizing in this action—that Plaintiff is a citizen of Florida.  Plaintiff is in no way evading service of the jurisdictionally defective Section 1782 action, but the undersigned is understandably not authorized to accept service of Defendant's jurisdictionally defective Section 1782 action.

Respectfully submitted,

**MEISTER SEELIG & FEIN PLLC**


By: */s/ Benjamin D. Bianco*
        Benjamin D. Bianco, Esq.
125 Park Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 655-3500
Email: bdb@msf-law.com

*For Plaintiff*

*Hon. Lorna G. Schofield*
*Page 5*
*April 19, 2023*

By: */s/ Robert Tully Dunlap*
      Robert Tully Dunlap

Robert T. Dunlap
FREEDMAN NORMAND FRIEDLAND LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Telephone: (768) 310-4442
Email: rdunlap@fnf.law

Devin Velvel Freedman
Maya S. Jumper
FREEDMAN NORMAND FRIEDLAND LLP
99 Park Ave., Suite
1910 New York, New York 11016
Telephone: (646) 350-0527
Email: vel@fnf.law
mjumper@fnf.law

*For Defendant*