

June 9, 2023

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Juan Pablo Thieriot v. William Laggner*, No. 23-cv-01875 – **Pre-Motion Letter**

Dear Judge Schofield:

Pursuant to the Court's Individual Practices, and the Court's June 6, 2023 Order, ECF No. 25, we submit this pre-motion letter on behalf of Defendant William Laggner seeking leave to file a motion to dismiss Plaintiff's Amended Complaint, ECF No. 21, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's Amended Complaint fails to adequately plead a claim of breach of contract or conversion. *See generally* ECF No. 21, Amended Complaint. As pled, Plaintiff's complaint is devoid of key facts necessary to establish the elements of the causes of action alleged, and amounts to mere speculation. Plaintiff's repeated reliance on "information and belief" and vague inferences regarding Defendant's and other's share ownership fall short of the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *See Gerdau Ameristeel US Inc. v. Ameron Int'l Corp.*, No. 13 CIV. 07169 LGS, 2014 WL 3639176, at *3 (S.D.N.Y. July 22, 2014) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."); *see also Icahn Sch. of Med. at Mount Sinai v. Neurocrine Biosciences, Inc.*, 191 F. Supp. 3d 322, 328 (S.D.N.Y. 2016) ("While a plaintiff may plead facts alleged upon information and belief where the belief is based on factual information that makes the inference of culpability plausible, such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'").

I.   **BREACH OF CONTRACT**

To prevail on a claim for breach of contract under New York law, a plaintiff must establish, by a preponderance of the evidence: "(1) the existence of a contract; (2) its own adequate performance of the contract; (3) breach of the contract by defendant; and (4) damages suffered as a result of the breach." *Santos v. Medina*, No. 18 CIV. 02685, 2019 WL 1099806, at *6 (S.D.N.Y. Mar. 8, 2019).

Plaintiff has failed to adequately allege facts sufficient to satisfy prongs 3 and 4 of the breach of contract standard.

The contract at issue, the May 16, 2019 Stipulation of Settlement ("Settlement Agreement"), *see* ECF No. 14-1[1], expressly provides, in full:

> Minor shall be entitled to receive half of the first $750,000 of proceeds of any sales of the Laggner Shares. ==For the avoidance of doubt, Minor shall be entitled to receive a maximum of $375,000 from Laggner and shall only be entitled to receive any proceeds upon the consummation of a sale of the Laggner Shares.==

*Id.* ¶ 2(e)(i). Conveniently, Plaintiff omits the highlighted portion of the operative payment provision, Section 2(e), which contains a clear condition precedent to any entitlement to proceeds by Minor (or Plaintiff). Plaintiff has not alleged "the consummation of a sale of the Laggner Shares" (nor could he) as no sale of Laggner Shares have been consummated.

The sole factual allegation offered by Plaintiff to satisfy the third element of his cause of action for breach of contract states:

> Upon information and belief, on or about January 31, 2022, Laggner sold 40,000 of the Laggner Shares, at a price of $7.00 per share (for a total price of $280,000), to a person named Yuan Yuan. Upon information and belief, Laggner did not report this sale to Uphold Ltd until in or about April 2022. And, upon information and belief, the formal transfer of the 40,000 shares by Laggner to Yuan Yuan was not made until in or about July 2022.

In order to establish a breach of the Settlement Agreement, Plaintiff must offer credible evidence demonstrating that the condition precedent to payment (consummation of a sale) has occurred. Consummation, as defined by the Second Circuit in the context of a sale purchase agreement, means: "[t]o finish by completing what was intended; perfect; bring or carry to the utmost point or degree; carry or bring to completion; complete; achieve." *See Am. Mercantile Corp. v. Spielberg*, 262 F. 492, 496 (2d Cir. 1919). No such allegation is present in the Amended Complaint.

Further, Plaintiff's other allegations concerning the purported sale of Laggner Shares elucidate that the "information and belief" upon which these assertions are based is nothing more than speculation. For example, in support of its assertion that Defendant "sold 40,000 of the Laggner Shares," Plaintiff asserts that "it appears" that Defendant first acquired shares in Uphold Ltd through the Settlement Agreement and currently owns fewer shares than he received pursuant to the Settlement Agreement. Complaint ¶ 17. In a conclusory leap, Plaintiff then asserts that this alteration in share ownership "regards the apparent sale" of Laggner Shares to a third-party named in the Amended Complaint. Where, as here, "a complaint pleads facts that are '*merely* consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citation omitted) (emphasis added).

---

[1] The Stipulation of Settlement has been incorporated by reference into Plaintiff's Amended Complaint. *See* ECF No. 21 ¶ 6.

After multiple opportunities to plead facts, or append evidence, demonstrating Defendant's completion of a sale (i.e., offer, acceptance, agreement, payment, and formal transfer of Laggner Shares), and after previewing Defendant's challenge to the insufficiency of its allegations of breach, Plaintiff is unable to allege with specificity facts necessary to demonstrate that a breach of the Settlement Agreement has occurred.

Relatedly, where Plaintiff has failed to allege facts demonstrating the consummation of a sale, prong four of the breach of contract standard ("damages suffered as a result of the breach") has not been adequately pled.

In sum, Plaintiff's allegations, which create nothing more than "a suspicion of a legally cognizable right of action," are insufficiently pled and his breach of contract claim is ripe for dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

## II. CONVERSION

Under New York law, "a conversion claim must be dismissed when it does not stem from a wrong independent of the alleged breach of contract." *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 416 (S.D.N.Y. 2013). Under the economic loss rule, a party is "bar[red] from recovery in tort for economic losses resulting from a breach of contractual obligations." *Valentini v. Citigroup, Inc.*, 837 F. Supp. 2d 304, 328 (S.D.N.Y. 2011). Plaintiff's conversion claim "repeat and re-allege" all prior allegations asserted in support of his breach of contract claim. *See* Amended Complaint ¶¶ 32-36. Further, Plaintiff has failed to allege "a legal duty independent of the contract itself has been violated." Accordingly, Plaintiff's second cause of action for conversion must be dismissed.

Defendant respectfully requests that the Court grant the Parties leave to submit briefing on Defendant's proposed motion to dismiss in accordance with the following proposed schedule:

1. Defendant's Motion to Dismiss, and related memorandum to be filed on Friday, July 14, 2023.

2. Plaintiff's Opposition to Defendant's Motion to Dismiss to be filed on Friday, July 28, 2023.

3. Defendant's Reply to Plaintiff's Opposition to be filed on August 4, 2023.

Respectfully submitted,

*/s/ Maya S. Jumper*
Devin (Velvel) Freedman
Maya S. Jumper
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue, 19th Floor
New York, NY 10016

        Tel: (646) 350-0527
        Fax: (646) 392-8842
        Email: vel@fnf.law
              mjumper@fnf.law

        Robert T. Dunlap (admitted *pro hac vice*)
        **FREEDMAN NORMAND FRIEDLAND LLP**
        1 SE 3rd Ave., Suite 1240
        Miami, FL 33131
        T: (786) 924-2900
        Email: rdunlap@fnf.law

        *Attorneys for Defendant Laggner*