

Benjamin D. Bianco
*Partner*
Direct (646) 539-3791
Fax (646) 564-4804
bdb@msf-law.com

June 20, 2023

<u>VIA ECF</u>

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *Juan Pablo Thieriot v. William Laggner* **1:23-cv-01875-LGS**

Dear Judge Schofield:

We are counsel to plaintiff Juan Pablo Thieriot ("Plaintiff") in this action, and write in response to Defendant's June 9, 2023 letter-motion filed by Defendant (Dkt Nos. 26/27) ("Letter-Motion"). As an initial matter, the Letter-Motion is yet another attempt to delay this action and drive up the cost to Plaintiff in his attempt to collect the $140,000 he is rightfully owed from Defendant. Indeed, despite this Court's clear directive in the Scheduling Order (Dkt No. 17) that "[r]esponsive documents shall be produced by June 15, 2023," Defendant ignored this deadline.[1] If Defendant had timely produced documents in accordance with Plaintiff's straightforward requests, the facts of this case would not be in meaningful dispute, obviating the need for this Letter-Motion, and allowing the parties to quickly proceed to summary judgment.[2]

Summary of Facts as Pled

Pursuant to a settlement agreement in an unrelated action (the "Settlement Agreement"), in or around May 2019, Defendant, Bill Laggner, received 4,843,890 shares of common stock of Bitreserve, Ltd. (now d/b/a Uphold Ltd, hereinafter the "Company") from non-party Halsey Minor (the "Laggner Shares"). Amended Complaint (Dkt No. 21 "(Compl.)") ¶7. These 4,843,890 shares of the Company (*i.e.*, the Laggner Shares) are the only Company shares Defendant has ever owned. Compl. ¶19.

---

[1] This response letter is not intended to raise a discovery dispute, which will be done in accordance with the Court's Individual Rules and the Local Rules (if necessary), but is instead meant to identify the course of Defendant's conduct.

[2] In accordance with this Scheduling Order, the parties will file a Status Letter with the Court later today.

Pursuant to the Settlement Agreement, Minor is entitled to receive half of the first $750,000 of proceeds of any sales of the Laggner Shares.  Compl. ¶8.  In or about 2022, Defendant sold 40,000 of the Laggner Shares for $280,000.  Compl. ¶21.  Although the $280,000 sales price is made upon information and belief because Plaintiff does not have the actual sale agreement, the fact that Defendant sold 40,000 of the Laggner Shares is not in despite.  Plaintiff is on the Board of Directors of the Company, and according to the capitalization table of the Company—to which Plaintiff has authorized access, but not possession—Defendant now "owns 4,803,890 shares, or exactly 40,000 shares less than he received pursuant to the Settlement Agreement."  Compl. ¶17.  And, according to the capitalization table, "a person named Yuan Yuan" now owns the 40,000 Laggner Shares previously owned by Defendant.  Compl. ¶17.

Accordingly, Defendant is obligated to pay Minor $140,000 from the sale of the Laggner Shares, but has failed to do so in breach of the Settlement Agreement.  Compl. ¶¶8, 24.  Plaintiff has submitted evidence that he was properly assigned the rights to Minor's $140,000, but Defendant has also failed to pay Plaintiff.  Compl. ¶¶12-16, and Compl. Exs. A/B.

In sum the facts of this action are straightforward and well-pled.

   a. <u>The Contract Claim has been Properly Pled</u>

The primary thrust of Defendant's argument is that Plaintiff has failed to plead that the sale to Yuan Yuan has not been "consummated."  Letter-Motion, pg. 2.  This position is unfounded.

The Amended Complaint properly pleads that Defendant received the 4,843,890 Laggner Shares pursuant to the Settlement Agreement.  Comp. ¶7.  The Amended Complaint further properly pleads—and not upon information and belief—that the current capitalization table for the Company reflects that (i) Defendant "owns 4,803,890 shares, or exactly 40,000 shares less than he received pursuant to the Settlement Agreement," and (ii) "a person named Yuan Yuan owns the 40,000 shares that were transferred to Yuan Yuan from the Laggner Shares."  Compl. ¶¶19, 20.

It is axiomatic that the parties to a share purchase agreement would not direct the issuing company to alter its capitalization table unless and until all other conditions of the share sale were completed.  In fact, the formal transfer of the shares by the issuing company from the seller to the purchaser is that last step in the consummation of the agreement.  Moreover, to the extent Defendant believes the share sale to Yuan Yuan has not been properly consummated, he would not have directed or permitted the Company to formally transfer the 40,000 Laggner Shares to Yuan Yuan.

   b. <u>The Conversion Claim is Validly and Properly Pled in the Alternative to the Extent Defendant Continues to Challenge the Validity of the Agreements at Issue</u>

Defendant's argument regarding the legal validity of the Conversion claim is misplaced.  In this District, a conversion claim may be pled alongside a contact claim where, as here, Defendant challenges the existence, validity, or enforceability of the agreement upon which the breach of contract claim is based.  *See Picture Pats., LLC v. Aeropostale, Inc.*, No. 07 CIV. 5567 (JGK), 2009 WL 2569121, at *3 (S.D.N.Y. Aug. 19, 2009) (finding unjust enrichment and conversion

*Hons Lorna G. Schofield, U.S.D.J.*
*Page 3*
*June 20, 2023*

claims could be pled as alternative theories to breach of contract claim where there was a dispute over the existence of a contract between the parties). In Defendant's Answer to the initial Complaint (Dkt No. 14), Defendant includes the following statement in Defendant's Affirmative Defenses:

> Plaintiff alleges that he is entitled to payment in the amount of $140,000, plus attorneys' fees and cost, as a result of Defendant's breach of the Settlement Agreement. First, Plaintiff, a non-party to the Settlement Agreement, lacks standing to enforce the terms of the Settlement Agreement as the Agreement expressly prohibited Minor from assigning or transferring any rights under the Settlement Agreement to Plaintiff. Upon information and belief, **no valid agreement to allow the assignment of Minor's rights under the Settlement Agreement to Plaintiff was fully executed by the parties to the Settlement Agreement**.

*Id.* at pg. 5 (emphasis added). Given that Defendant has challenged the existence of the instrument providing Plaintiff his rights under the Settlement Agreement, and thus the propriety of Plaintiff's breach of contract claim, Plaintiff is entitled to plead a conversion claim in the alternative. *See Picture Pats.*, at *3.

        Respectfully Submitted,
        MEISTER SEELIG & FEIN PLLC

        By: _____/s/_____
            Benjamin D. Bianco

cc: All counsel of record (via ECF)