UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN PABLO THIERIOT,<br><br>                    Plaintiff,<br><br>     v.<br><br>BILL LAGGNER,<br><br>                    Defendant. | Case No.: 1:23-cv-1875 (LGS) |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), and the stipulation and agreement of the parties,

IT IS HEREBY ORDERED, that if, during the course of this action, either party has the occasion to disclose information deemed by such party to constitute confidential proprietary information of the type contemplated by Fed. R. Civ. P. 26(c), the following procedures shall be employed, and the following restrictions shall govern:

1. Any documents, answers to interrogatories or document requests, deposition transcripts, or portions thereof, responses to requests for admissions, or any other material or portions thereof (hereinafter "Material") provided by either party to the other party during the pendency of this action may be designated and marked, in whole or in part, "Confidential" by counsel for the party producing such Material at the time of its production. The producing party should only apply such designations where the producing party has a good faith belief that the designated Material contains confidential commercial information that would put the producing party at a competitive disadvantage if the information became known to third parties. Third parties who produce or disclose Material in this action may also so designate, and thereby avail themselves of the protections of this Order, if they agree to be bound by its terms and conditions.

2.  To the extent that Material is marked Confidential, such material shall only be revealed to or used by the following persons ("Authorized Persons"):

    (a)  inside and outside counsel employed by any party to assist in this action, and their respective paralegals and administrative staff who are assisting in this action;

    (b)  the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for purposes of assisting in this action and who have first read and signed the Non-Disclosure Undertaking attached as an exhibit to this Order. Counsel shall retain a signed copy of each signed Non-Disclosure Undertaking, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first;

    (c)  any outside consultant or expert who is assisting counsel or a party to this action, to whom it is necessary to disclose the relevant Material for the sole purpose of assisting in, or consulting with respect to, the preparation of this action, who has first read and signed the Non-Disclosure Undertaking attached as an exhibit to this Order. Counsel shall retain a signed copy of each signed Non-Disclosure Undertaking, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first;

    (d)  the Court and any members of its staff to whom it is necessary to disclose the Material for the purpose of assisting the Court in this action;

    (e)  stenographic employees and court reporters recording or transcribing testimony relating to this action;

    (f)  any witness or deponent to the extent reasonably necessary, and counsel for such witness, provided that they have first read and signed the Non-Disclosure

Undertaking attached as an exhibit to this Order. Counsel shall retain a signed copy of each signed Non-Disclosure Undertaking, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first; and

(g) outside vendors who perform microfilming, photocopying, computer classification, professional jury or trial consultants, trial support personnel, litigation support services, or similar functions, but only for so long as necessary to perform those services, provided that they have first read and signed the Non-Disclosure Undertaking attached as an exhibit to this Order. Counsel shall retain a signed copy of each signed Non-Disclosure Undertaking, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

3. Material designated Confidential shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted to receive disclosure of such Material pursuant to this Order. Any copies of such Material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed Confidential in keeping with the producing party's designation, and the same terms regarding confidentiality of these materials shall apply to the originals.

4. All Material disclosed in this case shall be used by Authorized Persons only for the purposes of this litigation and not for any business or other purpose whatsoever.

5. Nothing in this Order shall constitute a waiver of a party's right to object to the production of Material or to demand more stringent restrictions upon the treatment and disclosure of any Material on the ground that it contains particularly sensitive or proprietary information. Any

party may apply to the Court in which this litigation is pending for modification of this Order at any time or for the establishment of additional protection governing the use of Material, including the use of such material in submissions to the Court or at any hearing or trial. Nothing in this Order shall preclude the parties to this Order from agreeing to amend or modify this Order or from agreeing to extend it to other legal proceedings, so long as any such agreement is in writing.

6. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privilege or work-product-protected documents in this case as part of a production is not itself a waiver in this case or any other federal or state proceeding.

7. Any party may contest a claim of confidentiality. If a receiving party disagrees with the designation of any Material as Confidential, the parties shall first try to resolve their dispute on an informal basis. If an agreement cannot be reached between counsel, the parties' dispute shall be presented to the Court for resolution. The parties agree to maintain the confidentiality of any such Material and to use it only in the manner authorized by this Order unless and until the Court rules that it may be treated otherwise.

8. The subject matter of all depositions given in connection with this action and the original and all copies of the transcripts of any such depositions shall be deemed to be Confidential for a period ending 30 days after the transcript is received by counsel. On or before the 30th day after any deposition transcript is received by counsel, such transcript may be designated and marked, in whole or in part, Confidential by counsel for the disclosing party, and the portions of the transcript of the deposition so marked shall be subject to the provisions of this Order. Such designation may be made by any of the following means:

(a) stating orally on the record, with reasonable precision as to the affected testimony, during the taking of the deposition, that the information is Confidential, in which case the court reporter shall mark each page so designated accordingly.

(b) sending written notice to all other parties, designating, by page and line, the portions of the transcript to be treated as Confidential, whereupon the parties shall attach a copy of such written designation to the face of the transcript and each copy thereof in the party's possession, custody, or control.

9. If at any time prior to the trial of this action, a producing party realizes that some portion[s] of the Material that the party previously produced should be designated as Confidential, the party may so designate by so advising all parties in writing, and such designated portion[s] of the Material will thereafter be treated as designated. If at any time a producing party realizes that Material previously designated Confidential should not have been so designated or no longer qualifies for such designation, the party shall promptly inform counsel for the non-producing party and shall produce copies of the Material without such designation.

10. Any pleadings, responses to requests for discovery, motions or other documents filed with the Court that disclose any information designated as Confidential shall be filed under seal by the filing party. Where possible, only those portions of filings with the Court that may reasonably be classified as Confidential information shall be filed under seal.

11. Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

12. Upon termination, settlement or the entry of final judgment in resolution of the later of this action, including exhaustion of all appeals, the originals and all copies of Material, shall be either destroyed or turned over to the Producing Party, or to its respective counsel, within sixty (60) calendar days. However, outside counsel may retain pleadings, transcripts, discovery requests and

responses, attorney and consultant work product, attorney-client communications, communications with opposing counsel, and depositions for archival purposes. If Material is destroyed pursuant to this Paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification that it has made its best efforts to affect the destruction. The provisions of this Protective Order, insofar as it restricts the disclosures, communication of, and use of Material produced hereunder, shall continue to be binding after the conclusion of this action.

13. Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation, nor will it prevent the Producing Party or non-party from designating said document or material "Confidential" at a later date. Counsel receiving notice from a Producing Party or non-party of a designation or redesignation of any documents or materials previously produced ill mark the copies of those documents or materials under their control as directed by the Producing Party.

14. Inadvertent production of any document which a party or non-party later claim should not have been produced because of a privilege, including but not limited to attorney-client or work product privilege ("Inadvertently Produced Privilege Document"), will not be deemed to waive any privilege. A party or non-party may request the destruction of any Inadvertently Produced Privileged Document. A request for the destruction of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a party or non-party requests the destruction, pursuant to this Paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or non-party, the possessing party shall, within ten days, destroy the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material information derived from the Inadvertently Produced Privileged Document. The party destroying such material may then move

the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

15. Nothing in this Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this litigation, whether or not the same material has been obtained during the course of discovery in this litigation and whether or not such documents or information have been designated "Confidential."

16. Nothing in this Order shall be deemed to prohibit disclosure of any Material designated "Confidential" to such persons as appear on the face of the document to be its author or a recipient, and nothing in this Order shall be deemed to limit or prohibit any manner of use of any Material by the party producing such Material.

17. The inadvertent or unintentional production of Material shall not constitute an admission by the producing party, and shall not waive the producing person's rights with respect to the propriety, materiality, relevance, or admissibility of the materials produced.

18. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

19. Neither the termination of this litigation nor the termination of employment of any person who had access to any Material shall relieve any person or entity from the obligations of

maintaining both the confidentiality and the restrictions on the use or disclosure of any Material designated "Confidential" pursuant to this Order.

20. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

The parties, by their undersigned counsel, stipulate to the foregoing and consent to the entry of the above Protective Order.

DATED this 20th day of June, 2023.

MEISTER SEELIG & FEIN PLLC
*Attorneys for Plaintiff*

By: */s/ Benjamin D. Bianco*
Benjamin D. Bianco
Caitlin R. Trow
125 Park Avenue, 7th Floor
New York, New York 10017
Tel: (212) 655-3500
Email: *bdb@msf-law.com*
       *crt@msf-law.com*

FREEDMAN NORMAND FRIEDLAND LLP
*Attorneys for Defendants*

By: */s/ Robert Tully Dunlap*
Robert T. Dunlap (admitted *pro hac vice*)
1 SE 3rd Ave., Suite 1240
Miami, FL 33131
T: (786) 924-2900
Email: *rdunlap@fnf.law*

Devin (Velvel) Freedman
Maya S. Jumper
99 Park Avenue, 19th Floor
New York, NY 10016
Tel: (646) 350-0527
Fax: (646) 392-8842
Email: *vel@fnf.law*
       *mjumper@fnf.law*

So Ordered.

Dated: June 22, 2023
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

## **NON-DISCLOSURE UNDERTAKING**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of the Material that have been designated as Confidential. I agree that I will not disclose such Material to anyone other than as permitted by the Protective Order, and that at the conclusion of the litigation I will destroy all disclosed Material that has been designated as Confidential. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject to me punishment for contempt of Court.

Signature: _____

Printed Name: _____

Company & Position: _____

Dated: _____