**FNF | FREEDMAN NORMAND FRIEDLAND**

July 12, 2023

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Plaintiff shall file a letter, not to exceed two pages, in response by **July 19, 2023**. So Ordered.
>
> Dated: July 13, 2023
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:   *Juan Pablo Thieriot v. William Laggner*, No. 23-cv-01875 –
       Request for Rule 30(b)(4) Order Permitting Deposition of William Laggner Remotely

Dear Judge Schofield:

   We represent Defendant William Laggner and write pursuant to Fed. R. Civ. P. 30(b)(4) seeking an order permitting Mr. Laggner to appear for his deposition via Zoom to avoid (i) the cost of travel to New York and (ii) the interruption of his international travel.

   Specifically, Mr. Laggner resides in Dallas, Texas. Moreover, he is currently in Europe for personal and business reasons and intends to be there through July 31.[1] Plaintiff insists on taking Mr. Laggner's deposition in person and in New York, citing a New York venue provision.

   But "remote depositions are presumptively valid under the Federal Rules." *In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. 575, 579 (S.D.N.Y. 2020). And "in the post-pandemic world, remote depositions remain 'the new normal[.]'". *Barry v. United States*, 21-CV-7684 (BCM), 2022 WL 4467504, at *6 (S.D.N.Y. Sept. 26, 2022). This presumption is not new. "'The more recent court decisions build on pre-pandemic case law that liberally allowed for and encouraged remote depositions as the technology for taking depositions in that way has improved significantly over time.'" *PC-41 DOE v. Poly Prep Country Day School*, 20-CV-03628-DG-SJB, 2022 WL 420619, *1 (E.D.N.Y. Jan. 20, 2022) (quotations omitted).[2]

   Deposing Mr. Laggner via Zoom would be most efficient and convenient method for both parties. This $145,000 breach of contract claim is centered around the simple question of whether the contract at issue was "consummated." *See* ECF No. 21 at ¶ 31. Mandating international travel and in person attendance is disproportionate to the needs of the case. It also runs counter to the Federal Rules' fundamental purpose of securing the just, speedy, and inexpensive determination of every action.

   For these reasons, Mr. Laggner respectfully requests the Court allow him to appear for his July 31, 2023 deposition remotely.

---

[1] Mr. Laggner intended to return on 7/27, but a luggage mishap has delayed his intended return.

[2] According to a recent ABA survey, 88% of lawyers favor remote depositions. Fahi Takesh Hallin, American Bar Association, *Embracing and Preparing for Remote Depositions* (Feb. 11, 2022), *available at* LINK

Respectfully submitted,

*/s/ Devin "Vel" Freedman*
Devin (Velvel) Freedman
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue, 19th Floor
New York, NY 10016
Tel: (646) 350-0527
Fax: (646) 392-8842
Email: vel@fnf.law

Robert T. Dunlap (admitted *pro hac vice*)
**FREEDMAN NORMAND FRIEDLAND LLP**
1 SE 3rd Ave., Suite 1240
Miami, FL 33131
Tel: (786) 924-2900
Email: rdunlap@fnf.law

*Attorneys for Defendant Laggner*