



September 6, 2023

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:  *Juan Pablo Thieriot v. William Laggner*, No. 23-cv-01875 – Joint Letter Motion Concerning Discovery Dispute

Dear Judge Clarke:

    Pursuant to Local Rule 37.2 and this Court's Individual Rules and Practices in Civil Cases, the parties submit this joint letter motion regarding Defendant Bill Laggner's ("Laggner") request that Plaintiff Juan Pablo Thieriot ("Thieriot") be compelled to produce an unredacted version of correspondence contained in non-party Uphold HQ Inc.'s ("Uphold") third production of documents.

    The parties, through their respective counsel Benjamin Bianco and Robert Dunlap, met and conferred by telephone pursuant to this Court's Individual Rule § 4(k). The meet and confer call took place on August 21, at approximately 11:30 AM, and lasted approximately 15 minutes.[1] The parties were unable to resolve this dispute.

    **I.**    **LAGGNER'S POSITION**

    On August 3, 2023, Thieriot produced to Laggner a third production of documents received from non-party Uphold. Among these documents is an email from Uphold General Counsel Mark Anderson ("Anderson") to Thieriot dated July 12, 2022, a portion of which is redacted. *See* Ex. 1 (UPHOLD-000106). Thieriot had previously represented that all communications with Uphold had already been produced. This document was only produced following Thieriot's deposition when he was questioned about his communications with Uphold regarding this matter (including whether certain documents remained unproduced). Anderson represents Uphold, not Thieriot individually. The email at issue was not sent in response to a request for legal advice, and Anderson is not conveying legal advice; rather, the two are discussing a potential transfer of Laggner's Uphold shares to a potential purchaser, as well as Thieriot's purported personal interest in that

---

[1] Laggner requested to meet and confer regarding the redacted document on August 16 but Thieriot's counsel was on vacation until Monday, August 21.

transaction pursuant to a settlement agreement. Mr. Anderson expressly states, "any dispute regarding the settlement agreement would be between you guys, not the company." And the prior emails in the chain do not seek any legal advice; they merely report on the status of that private transaction ("Nope. Haven't heard a peep…..") ("Bill hasn't reached out to you yet, has he?"). Thieriot never requests or receives legal advice.

In fact, the communications contained in Uphold's production indicate that Thieriot and Uphold had adverse interests. Thieriot expressly tells Anderson, "I really prefer that you don't transfer the shares . . . It would obliterate any leverage I have" and Anderson replies, against the purported interests of his purported "client," that Uphold has "to process the transfer and issue the shares . . . You can, of course, reach out to Laggner and demand payment. Sorry!" Anderson's mere participation does not mean that the correspondence at issue is privileged; a general counsel wears multiple hats, handling both business and legal matters. *See Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 86 (W.D.N.Y. 2011) ("Even if the client's communications with an attorney are confidential, merely because an attorney is consulted by a client does not render the ensuing communications privileged if the purpose of the consultation is to obtain other than legal advice or services.") (collecting cases). For the foregoing reasons, Laggner requests that the Court compel Thieriot to produce an unredacted version of the July 12, 2022 correspondence.

## II.     JUAN PABLO THIERIOT'S POSITION

Laggner's attempt to circumvent Uphold Ltd.'s validly and timely asserted attorney-client privilege with its current Board Member, plaintiff Thieriot, should be rejected because (i) the communication is undoubtedly privileged, and (ii) the communication has absolutely no bearing on the dispute at issue in this action.

### A.     The redacted portion of the document at issue is privileged.

The sender, Mark Anderson, was then and is now General Counsel of Uphold. The recipient, Thieriot, was then and is now a Member of Uphold's Board of Directors. As specifically described to Laggner's counsel in an e-mail on August 21, 2023, the redacted content is privileged because "Anderson was advising [Thieriot] to limit any discussions with Laggner to personal disputes between [Thieriot]/Laggner and to avoid discussions regarding disputes between Uphold/Laggner in [Thieriot]'s role as a Director."

In sum, although other portions of the e-mail may contain non-privileged content (all of which were produced), the redacted portion is privileged and, furthermore, has no bearing whatsoever on the dispute at issue in this action. The undersigned will, of course, provide the unredacted portion of the e-mail to the Court (*in camera*) upon request.

Dated: September 6, 2023
New York, New York

Respectfully submitted,

| /s/ *Benjamin D. Bianco* | /s/ *Robert T. Dunlap* |
|---|---|
| Benjamin D. Bianco | Robert T. Dunlap (admitted *pro hac vice*) |
| **MEISTER SEELIG & FEIN PLLC** | **FREEDMAN NORMAND FRIEDLAND LLP** |
| 125 Park Avenue, 7th Floor | 1 SE 3rd Ave., Suite 1240 |
| New York, New York 10017 | Miami, FL 33131 |
| Telephone: (212) 655-3500 | T: (786) 924-2900 |
| E-mail: bdb@msf-law.com | Email: rdunlap@fnf.law |
| *Attorneys for Plaintiff J.P. Thieriot* | *Counsel for Defendant Laggner* |

The Court has reviewed the unredacted email produced by Plaintiff's counsel and finds that the portion redacted was properly withheld based on attorney-client privilege for the reasons stated in Plaintiff Thieriot's portion of the letter. Defendant's motion is DENIED. The Clerk of Court is respectfully directed to terminate the joint letter motion at ECF No. 51.

SO ORDERED.

*/s/ Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: September 11, 2023
New York, New York