UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN PABLO THIERIOT,

                Plaintiff,

-against-

WILLIAM LAGGNER,

                Defendant.

23-CV-1875 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

In this action for breach of contract, Plaintiff Juan Pablo Thieriot moves for attorney's fees and costs with prejudgment interest. For the reasons stated herein, that motion is GRANTED, but the Court reduces the amount of fees and costs requested.

## BACKGROUND

The Court assumes familiarity with the facts of this case, as detailed in the Court's prior order at ECF No. 81 ("Prior Opinion" or "Op."). References herein to the Settlement Agreement and Laggner Shares regard the same items described in the Prior Opinion.

On August 19, 2024, the Court granted Plaintiff's motion for summary judgment and determined that Plaintiff is entitled to reasonable attorney's fees and costs. Op. at 17. Plaintiff filed a timely motion for attorney's fees and costs and prejudgment interest on September 18, 2024. ECF No. 86 ("Mot."). Defendant opposes the motion, contending that Plaintiff was not assigned any right to attorney's fees until July 2023, that any fees awarded should be substantially reduced, and that prejudgment interest should run at a date later than the one proposed by Plaintiff. ECF No. 92 ("Opp.").

# DISCUSSION

After examining the underlying contract and the billing record, the Court finds that Plaintiff's rights to attorney's fees cover the entirety of the current litigation, that fee awards should not be substantially reduced but should be reduced for vague entries and matters related to a withdrawn conversion claim, and that prejudgment interest runs from four days after Defendant received various payments for sales of the Laggner Shares.

## I. Plaintiff's Entitlement to Attorney's Fees Covers the Entirety of the Action

The Court has already determined in the Prior Opinion that Plaintiff is entitled to an award of reasonable attorney's fees incurred in this litigation. *See* Op. at 17. Defendant attempts to relitigate this issue by arguing that the July 21, 2023, assignment of attorney's fees cannot apply retroactively to provide entitlement to fees incurred in this litigation prior to the date of that assignment. Opp. at 3–5. Even if this were true—an issue that the Court declines to examine here—the language of March 8, 2020, assignment clearly covers the entirety of the Settlement Agreement, which includes rights to prevailing party fees. Specifically, the March 8, 2020, assignment reads: "The Consenting Parties hereby acknowledge and irrevocably consent to the assignment by Minor to Thieriot of all or part of Minor's rights, title, and interest in and to the Settlement Agreement, including, but not limited to, the Proceeds." ECF No. 21-1 § 2. And Section 20 of the Settlement Agreement provides: "In the event of any action or proceeding in connection with or concerning the interpretation or enforcement of this Agreement, including litigation stemming from the breach of this Agreement, the prevailing party will be entitled to recovery of its reasonable attorney's fees and costs incurred in connection therewith." ECF No. 62-3 § 20. Given that the Court has already found the March 2020 assignment to be valid, *see*

Op. at 17, the Court reiterates that Plaintiff is entitled to reasonable fees incurred throughout the entirety of this litigation.

## II.      Plaintiff's Proposed Award Amount Is Generally Reasonable

"As a general matter of New York law, . . . when a contract provides that in the event of litigation the losing party will pay the attorney's fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable." *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987). A presumptively reasonable fee award is calculated as "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Inter-Am. Dev. Bank v. Venti S.A.*, No. 15-CV-4063 (PAE), 2016 WL 642381, at *2 (S.D.N.Y. Feb. 17, 2016) (citing *Gaia House Mezz LLC v. State St. Bank & Trust Co.*, No. 11-CV-3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)). In arriving at the reasonable hours and rates, a court should consider "the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved." *F.H. Krear & Co.*, 810 F.2d at 1263 (citing *In re Schaich*, 55 A.D.2d 914, 914 (2d Dep't 1977)). A plaintiff bears the burden of documenting hours reasonably spent by counsel and the reasonableness of the hourly rates claimed. *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (citing *Gen. Elec. Co. v. Compagnie Euralair, S.A.*, No. 96-CV-884 (SAS), 1997 WL 397627 at *4 (S.D.N.Y. July 3, 1997)).

Here, Plaintiff has provided documentation of hours spent by counsel with descriptions of the work performed and limited redactions. *See* ECF No. 85-1. Defendant agrees that counsels' hourly rates are reasonable but raises several challenges to the reasonableness of the total award

3

sought: the use of block billing; vagueness of entries; entries for clerical, administrative, or basic work; entries for a dismissed conversion claim; duplicative work and inconsistent entries; and partner time spent on simple legal work. Opp. 5–14. Defendant seeks an across-the-board reduction of 30%. *Id.* at 16. The Court discusses each issue in turn and determines that while a 30% reduction is not warranted, the proposed award will be reduced for one redacted entry and entries for the dismissed claim.

First, Defendant takes issue with Plaintiff's use of block billing. As Defendant notes, block billing is disfavored because it may impact the ability of a court to assess whether time used on tasks was reasonable. *See* Opp. at 6; *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (citing *Restivo v. Hessemann*, 846 F.3d 547, 591 (2d Cir. 2017)). But "the practice is by no means prohibited" and is permissible as long as courts can still "conduct a meaningful review of the hours." *Id.* Here, the descriptions within each use of block billing adequately show that the aggregated amount of time used on the tasks was reasonable.

Second, Defendant contends that certain redacted entries render the records vague. Opp. at 8. Fee applications must "identify the general subject matter" of the work that attorneys performed during each time slot. *Tucker v. City of New York*, 704 F. Supp. 2d 347, 356 (S.D.N.Y. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Generally, "vague entries such as 'conference with' or 'call to' a specified person" will not satisfy this requirement, although a court "may be able to deduce the nature and relevance of a generally described time entry based on its familiarity with the case or other contextual clues." *Id.* (internal citations omitted). "Plainly inadequate, however, are time entries that refer to unspecified communications with unidentified 'outside counsel' or 'colleagues'." *Id.* Here, Plaintiff's records contain a small number of redacted entries. Most of these entries reference communications between counsel and Plaintiff,

and the Court can deduce that these were privileged discussions pertaining to the case that may reasonably be included in the award. *See* ECF No. 85-1 at 1–4, 7, 9. However, the entry on June 6, 2023, concerning an analysis between two colleagues gives no indication as to the general subject matter and will be reduced from the total award amount. *See id.* at 4.

Third, Defendant objects that the billing records contain clerical, administrative, or basic work. Opp. at 10–11. But the entries that Defendant point out constitute a minor part of the billing records. Moreover, these entries that Defendant identifies—review of court submissions and review of communications with opposing counsel, as well as communications among counsel regarding finalizing documents—appear to the Court to cover substantive work appropriately performed by an attorney. As such, the Court declines to reduce fee awards for these entries. *See Lilly v. City of New York*, 934 F.3d 222, 234 (2d Cir. 2019).

Fourth, Defendant argues that Plaintiff should not be awarded for work on the dismissed conversion claims. Opp. at 11. When determining reasonable fee awards, a court is to exclude "hours dedicated to severable unsuccessful claims." *Gamero v. Koodo Sushi Corp.*, 328 F. Supp. 3d 165, 172 (S.D.N.Y. 2018) (citing *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)). A claim that is withdrawn is likewise an unsuccessful claim. Accordingly, entries logged for work pertaining to the dismissed conversion claim will be reduced from the award.

Fifth, Defendant claims that certain work billed by Plaintiff's counsel is duplicative. Opp. at 11. The Court disagrees.  Defendant points to a billing entry of an associate who attended a deposition alongside a partner who deposed the witness. Deposition support is often substantive work. And, it is often more efficient to have two attorneys attend a deposition, particularly when both attorneys are "substantially involved in the litigation and will need to call upon material from the deposition in future evidentiary submissions and strategic decisions." *Hudson*

5

*Furniture, Inc. v. Mizrahi*, No. 20-CV-4891 (PAC) (RWL), 2024 WL 565095, at *12 (S.D.N.Y. Feb. 7, 2024). It likewise appears here that both the associate and partner were extensively involved in the litigation, making their attendance at the deposition reasonable. As such, the Court does not find that this entry is inappropriately duplicative.

Finally, Defendant argues that the award should be reduced because nearly half of the hours were billed by a senior partner, Benjamin Bianco, for simple legal work. Opp. at 12–14. Reductions may be granted by courts when work performed by attorneys is not "distributed in a rational way to minimize costs." *Top Jet Enterprises, Ltd. v. Kulowiec*, No. 21-MC-789 (RA) (KHP), 2022 WL 1184245, at *4 (S.D.N.Y. Apr. 21, 2022) (reducing attorney's fees where partners and senior attorneys were heavily involved in junior-level work). Based on a review of the billing records, it does not appear that Plaintiff's counsel failed to distribute work rationally to minimize costs. As lead partner, Bianco took charge of depositions, communications with the client, disputes with opposing counsel, and revisions of court submissions. *See* ECF No. 85-1 *generally.* These are tasks that attorneys in Bianco's position may reasonably assume. Although Bianco appears to have undertaken some tasks that could have been performed by associates, the distribution of work is not so jarring as to be unreasonable. Moreover, Bianco has affirmed that he is not a senior partner, and his rates fall close to those of the associates staffed on the case. ECF No. 93 ¶ 2; *see* ECF No. 85-1 at 14. The award will not be reduced on this basis.

Plaintiff's billing records reflect a total amount of $205,298.00. ECF No. 85-1 at 14. The Court reduces from this amount by $157.50 for the vague entry on June 6, 2023, and $3,172.63 for time logged for the withdrawn conversion claim, which is calculated as 50% of the block-billed entries for June 20, 2023, August 22, 2023, and August 23, 2023. ECF No. 85-1 at 4, 8.

Plaintiff's total award in attorney's fees is $201,967.87, and Plaintiff shall also be awarded $4,899.01 in undisputed costs. *See id.* at 16.

**III.    Pre-Judgment Interest Accrues Upon Defendant's Failure to Pay**

Plaintiff is entitled to pre-judgment interest on his breach of contract damages under New York state law. N.Y. C.P.L.R. § 5001(a); *see also Schipani v. McLeod*, 541 F.3d 158, 164–65 (2d Cir. 2008); *U.S. Naval Institute v. Charter Communications, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991). "Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred." N.Y. C.P.L.R. § 5001(b). "Under New York law, a cause of action for breach of contract generally accrues at the time of breach." *Newman v. ASA Coll., Inc.*, No. 23-CV-3503 (KPF) (RWL), 2024 WL 4579478, at *14 (S.D.N.Y. Oct. 24, 2024) (citing *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007)). Prejudgment interest in New York accrues at an annual rate of 9%. N.Y. C.P.L.R. § 5001(b); § 5004(a).

While both parties agree that prejudgment interest accrues from the date of breach, the parties dispute which breach and what date is applicable here. *See* Mot. at 11; Opp. at 17–18. Upon examining the underlying contract, the applicable breaches occurred on the fourth day after Defendant received his proceeds of the sale of the Laggner Shares. The key language from the Settlement Agreement reads: "Laggner shall be required to make payment to [Plaintiff] of his share of proceeds from any sale of the Laggner Shares within 3 business days of receipt by Laggner of proceeds from such sale[.]" ECF No. 62-3 § 2(n). When Defendant failed to do so, Plaintiff had a viable cause of action for the amount that Defendant received in proceeds.

Because Defendant received the payment for the Laggner Shares at various different times and failed to pay Plaintiff each time, Plaintiff's total damages of $140,000 were incurred at

7

these different times and interest must be calculated accordingly. Based on the parties' joint statement of facts, the Court finds that interest on $5,000 accrued from November 26, 2021; interest on $5,000 accrued on December 13, 2021; interest on $5,000 accrued on December 21, 2021; interest on $62,500 accrued on January 18, 2022; and interest on $62,500 accrued on February 3, 2022.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs is GRANTED with reductions. Plaintiff is awarded $201,967.87 in fees and $4,899.01 in costs, as well as pre-judgment interest to be calculated from the dates determined in the Court's Order, at an annual rate of 9% and running to the date the judgment is entered. The Clerk of Court is directed to terminate ECF No. 84 and close the case.

Dated: March 25, 2025
    New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge